**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ———————————————— : | | |
| KELLY D. GRIECO et als., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 06-cv-4077 (PGS) |
| v. | : | |
| | : | |
| NEW JERSEY DEPARTMENT OF | : | **OPINION** |
| EDUCATION, et als., | : | |
| | : | |
| Defendants. | : | |
| ———————————————— : | | |

**<u>SHERIDAN, U.S.D.J.</u>**

Plaintiffs, three minors with Down Syndrome, their parents, and several organizations, filed a Class Action Complaint, alleging a systemic failure on the part of the State of New Jersey to include the Plaintiffs and proposed members of the class in the regular classroom and/or least restrictive environment.  The New Jersey Department of Education ("NJDOE"), New Jersey State Board of Education, and various State officials (collectively, the "State Defendants") and the Jefferson Township School District, Jefferson Township Board of Education, and various Township officials (collectively, the "Jefferson Defendants") moved to dismiss on several grounds, including failure to exhaust administrative remedies and statute of limitations.  The Court granted the motion in part, and Plaintiffs move to amend the June 27, 2007 Order to direct entry of final judgment as to the dismissed claims and parties under the Federal Rules of Civil Procedure, Rule 54(b), or alternatively, for certification for immediate appeal to the Third Circuit under 28 U.S.C. § 1292(b).

The facts as set forth in the Court's Opinion of June 27, 2007 are incorporated herein in their entirety.  The Court, in that Opinion, granted Defendants' Motion to Dismiss the Second Amended Complaint in part, as follows:  The claims of Plaintiffs Boucher and Bricese, and their parents, were dismissed without prejudice, for failure to exhaust administrative remedies.  The Organizational Plaintiffs were dismissed, with prejudice, but upon application to the Court, may be permitted to file briefs *amicus curiae*, should they so choose.  All individual defendants named in their official capacities were dismissed with the exception of Lucille E. Davy, as Acting Commissioner of Education for the New Jersey State Board of Education, and Joseph Kraemer, as Acting Superintendent for Jefferson Township.  The claims set forth in Count 1 were dismissed as to the State Defendants only.  Plaintiff Grieco, and his parents, were permitted to proceed on all counts; however, the subject of this Plaintiff's claim in Counts Two through Five were limited solely to his 2004-2005 school year, for which Grieco had exhausted his administrative remedies.

## I.

Plaintiffs request that the Court enter final judgment on the claims dismissed by virtue of the Court's Opinion on June 27, 2007 pursuant to FRCP 54(b).  The Rule provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Rule 54(b) orders are extraordinary and "should not be entered routinely or as a courtesy or accommodation to counsel." *Church & Dwight Co. v. Abbott Labs*., No. 05-2142, 2007 U.S. Dist. LEXIS 26718, at *5 (D.N.J. April 10, 2007) (quoting *Panichella v. Penn. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958)).  Indeed, these orders are only used "in the 'infrequent harsh case'" where the

administration of justice would thereby be improved. *DirecTV, Inc. v. Seijas*, No. 03-2429, 2004 U.S. Dist. LEXIS 28005, at *6 (D.N.J. May 13, 2004). As analyzed below, this is not such a case.

In its June 27, 2007 Order, the Court dismissed all the claims of Plaintiffs Boucher and Bricese for failure to exhaust administrative remedies. Plaintiff Grieco was permitted to proceed on all counts, but in counts two through five, Grieco could only proceed based on the 2004-2005 school year, as this was the only year in which he exhausted his administrative remedies. According to Rule 54(b), the Court must first decide whether the Complaint sets forth "more than one claim for relief."

In setting forth a framework to determine whether one or more claims for relief is present, the Supreme Court has looked for "claims that were 'inherently inseparable from,' 'closely related to,' or 'sufficiently independent of' those in other counts." *Allegheny County Sanitary Auth. v. U.S. Envtl. Prot. Agency*, 732 F.2d 1167, 1173 (3d Cir. 1984) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). In deciphering this standard, the Third Circuit looks at factors such as similar factual scenario, similarity in declaratory or injunctive relief, and whether the requested relief would differ based upon which count the court ruled. *Id.* at 1172-73. In this case, Plaintiffs' claims are based on the same facts and alleged shortcomings of the State Department of Education and the local school district. The declaratory and injunctive relief sought applies to all five counts, and as such, the relief requested would not differ based upon which count the Court ruled. Thus, for purposes of Rule 54(b) relief, Plaintiffs have one claim with multiple theories for recovery. As such, 54(b) relief is unwarranted.

With regard to the second prong of Rule 54(b), the Plaintiffs have failed to demonstrate that there is "no just reason for delay of the appeal." The Third Circuit has set forth factors that district courts should consider when applying this standard. They are: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court

might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006) (internal citations omitted). [1]

The Plaintiffs have not satisfied these factors. The dismissed claims are related to those which remain. All the claims seek systemic changes in the educational resources provided to children with Downs Syndrome throughout the state. As a result, the final decision of this Court may moot the proceedings before the Circuit Court if the relief sought is granted. On the other hand; if no relief is granted, then the Circuit Court will be required to hear the matter twice. Furthermore, the dismissed claims do not concern a counterclaim or cross claim; hence, there is no concern that the dismissed claims will be set off against the final judgment. Finally, to permit the dismissed parties to appeal at this time will result in extraordinary delays in prosecution of the discovery, and class certification.[2] The Plaintiffs' motion to amend the judgment pursuant to Rule 54(b) is accordingly denied.

---

[1]*Berckeley* cites to *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360 (3d Cir. 1975) for its five-factor test. While *Allis-Chalmers* appears to be overruled in part by *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (U.S. 1980), it is unclear what the true effect of *Curtiss-Wright* is on *Allis-Chalmers*. The Third Circuit in later cases (such as *Berckeley*) has indicated its continuing use of the factors, so this Court will follow suit. Indeed, the Supreme Court in *Curtiss-Wright* appeared to focus mostly on the Third Circuit's treatment of factor (4) – whether there is a counterclaim that would result in a set-off against the judgment. *Curtiss-Wright*, 446 U.S. at 8-10. The Supreme Court indicated that "the district court should be given substantial deference" and only reversed if the court's "assessment of the equities . . . was clearly unreasonable." *Id.* at 10. The Court was "reluctant to fix or sanction narrow guidelines for the district courts to follow" and thus did not necessarily rule out any of the other factors in *Allis-Chalmers* even though its stated test was much narrower than the five-factor analysis in *Allis-Chalmers*. *Id.* at 8.

[2] The Court notes that, in a future motion for class certification, it would entertain arguments as to the necessity for a sub-class that would include the Organizational Plaintiffs.

II.

Section 1292(b) provides, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Plaintiffs seek 1292(b) relief as an alternative to Rule 54(b) relief. As with Rule 54(b) relief, 1292(b) certification is an extreme measure that "should be granted sparingly" in cases where circumstances "are so extraordinary as to overcome the presumption against piecemeal litigation." *In re Powell*, No. 06-4085, 2006 U.S. Dist. LEXIS 80598, at *8 (E.D. Pa. Nov. 2, 2006). As analyzed below, the factors clearly weigh against granting 1292(b) relief and weigh in favor of avoiding piecemeal litigation.[3]

"A controlling question of law is one which, if decided erroneously, would result in reversal" on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). The Third Circuit has noted that "controlling" should mean "serious to the conduct of the litigation" considering such issues as saving time in court, saving expenses to the litigants, or "accelerating disposition of the litigation." *Id.* at *9-10 (internal citations omitted). Here, there are clearly controlling questions of law. The orders of dismissal of certain parties and the dismissal of entire causes of action could be reversed on final appeal and are "serious to the conduct of the litigation" especially since they narrow the legal issues and accelerate the litigation. Thus, the first prong is satisfied.

---

[3] While there are "controlling" questions of law at issue, Plaintiffs fail to demonstrate that there is a "substantial ground for difference of opinion" on the issues they seek to certify. Therefore the Court need not address final prong of the 1292(b) analysis – material advancement of the litigation.

However, Plaintiffs' motion falters at prong two. "Mere disagreement with a ruling does not constitute a substantial ground for difference of opinion, as required under the second factor for interlocutory appeal." *In re Powell*, No. 06-4085, 2006 WL 3208843, at *2 (E.D. Pa. Nov. 3, 2006). "Rather, the difference of opinion must arise out of genuine doubt as to the correct legal standard. For example, a moving party's citation to numerous conflicting decisions on the same issue might constitute a sufficient basis for the finding that substantial differences of opinion exist." *Morgan v. Ford Motor Co.*, 2007 U.S. Dist. LEXIS 5455, at *24 (D.N.J. Jan.25, 2007). Here, "Defendants cite no case law which supports their contention that substantial grounds for a difference of opinion exist regarding the court's holding," so the Court finds that "certification based on this question is inappropriate." *Larsen v. Senate of Pennsylvania*, 965 F. Supp. 607, 609 (M.D. Pa. 1997). Plaintiffs merely assert, in a conclusory way, "[t]he issues for appeal, i.e. the futility of exhaustion of administrative remedies, the right of the Organizational Plaintiffs to assert a claim, as well as the dismissal of the individual Defendants are all components of the substantial grounds for difference of opinion as to the June 27, 2007 Order." The Court's Opinion and Order are "supported by multiple legal authorities cited therein" and Plaintiffs do not offer reason to doubt the Order's accuracy.

With regard to the exhaustion of administrative remedies, the Court's Opinion and Order of June 27, 2007 provided a thorough analysis of the case law applicable to the case at bar. Thus, Plaintiffs merely disagree with the result reached by the Court. As to the dismissal of the Individual Plaintiffs, the Court's Opinion is also clear as to its reasoning and cites to both Third Circuit and Supreme Court case law in support of its conclusion that the Individual Plaintiffs should be dismissed. The Plaintiffs offer no reasoning as to why there is a substantial difference of opinion on this issue. Regarding the standing of the Organizational Plaintiffs, the Court clearly explained that given the text of and policy behind the IDEA, there is nothing in the statute to support a private

right of action on behalf of the Organizational Plaintiffs.[4]  Again, Plaintiffs offer no support for their argument that there is substantial difference of opinion on this issue.  Accordingly, the Plaintiffs' motion to certify the judgment for interlocutory appeal pursuant to section 1292(b) is denied.


*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.


January 15, 2008

---

[4] There are cases that *imply* that some organizational plaintiffs may have standing under section 1415 of the IDEA.  *See Beth V. by Yvonne V. v. Carroll*, 8 F.3d 80 (3d Cir. 1996).  Sparse case law merely suggesting this theory would not constitute "numerous conflicting decisions."  Further, the case in the Third Circuit indicating that certain organizations *do not* have standing under the IDEA is distinguishable, as it addressed only "local educational agencies."  *See Lawrence Twp. Bd. of Educ. v. State of New Jersey*, 417 F.3d 368 (3d Cir. 2005).  Thus there appears to be no true conflict so as to justify certification.  Further, "[t]he mere fact that a question of law is one of first impression will not, standing alone, make that question ripe for immediate review" and "the party seeking certification should articulate some alternative legal theory which supports the opposing view."  *Educ. Testing Serv. v. Katzman*, No. 85-3768, 1986 U.S. Dist. LEXIS 25245, at *8-9 (D.N.J. May 21, 1986).  Plaintiffs fail to meet this burden.